UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NOGALES, CDCR #G-52536,<br><br>                              Plaintiff,<br><br>     vs.<br><br>ISU OFFICER BURKE, et al.,<br><br>                              Defendants. | Case No.:  22-cv-702-MMA (DEB)<br><br>**ORDER SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A;**<br><br>**DISMISSING COUNTS ONE, FOUR, FIVE, AND SIX WITH PREJUDICE;**<br><br>**DIRECTING CLERK OF COURT TO ISSUE SUMMONS PURUSANT TO FED. R. CIV. P. 4(b)** |

On May 16, 2022, Plaintiff Jose Nogales, a state prisoner proceeding *pro se*, paid the civil filing fee and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Doc. Nos. 1–2. On June 6, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A, which provides that a court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. Doc. No. 4. The Court determined that Plaintiff's First Amendment retaliation claims against Defendants Lopez, Burke, Weiwel, Tovar,

Narvaez, Duarte and Martinez (counts two, three, and eight), and the void for vagueness claim against Defendant Allison (count seven) survived the sua sponte screening process but the remaining claims against the remaining Defendants did not. *Id*. at 4–11. Plaintiff was given the choice of proceeding only with the claims which survived screening or file an amended complaint. *Id*. at 12. On June 10, 2022, Plaintiff filed a First Amended Complaint ("FAC"). Doc No. 5.

## I. Screening Pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915A. Under that statute, the Court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. Counts Two, Three, Seven, and Eight Survive Screening

The allegations in the FAC in support of counts two, three, seven, and eight are identical to the allegations in the original Complaint. *Compare* Doc No. 1 at ¶¶ 1–45, 56–74, 91–101, *with* Doc. No. 5 at ¶¶ 1–45, 56–74, 91–101. These are the claims that survived screening in the Court's original screening Order, and include the First Amendment retaliation claims against Defendants Lopez, Burke, Weiwel, Tovar,

Narvaez, Duarte, and Martinez (counts two, three, and eight), and the void for vagueness claim against Defendant Allison (count seven).  Doc. No. 4 at 9–11.  For the same reasons set forth in the Court's prior screening Order, the Court finds the FAC survives screening as to those claims against those Defendants.

### C.      Count One Fails Screening

Plaintiff claims in count one that his Fourteenth Amendment right to due process was violated by Defendant Correctional Officer Burke when she provided a false statement in support of a gang validation petition.  Doc. No. 5 ¶¶ 46–55.  He alleges in the FAC, as he did in the original Complaint, that on August 17, 2020, Defendants Burke and Investigative Services Unit ("ISU") Officer Lopez served Plaintiff with a "validation packet," which is used by the California Department of Corrections and Rehabilitation ("CDCR") to designate an inmate as an active member or associate of a Security Threat Group ("STG") such as a gang.  *Id*. ¶ 10.  Plaintiff states that according to CDCR regulations three sources are required to validate an inmate as a member or associate of a STG, and the sources relied on to validate him were a 2008 probation report discussing the gang-related nature of his commitment offense, photographs of gang tattoos on his body taken during an August 12, 2020, strip search which had already been documented ten years earlier, and the report authored by Defendant Burke on the day of the search falsely stating Plaintiff admitted that day to membership in a gang.  *Id*. ¶¶ 12–14.

The Court previously found that Plaintiff had not stated a due process claim against Defendant Burke based on those allegations because he was required to identify the "actual" or "critical decisionmaker" with respect to his gang validation and plausibly allege he was prevented from having "an opportunity to present his views to that official."  Doc. No. 4 at 9 (quoting *Castro v. Terhune*, 712 F.3d 1304, 1308 (9th Cir. 2013)).  Plaintiff was informed it was not sufficient to allege Defendant Burke falsely reported Plaintiff admitted membership in a gang but must allege he was denied due process in connection to his ability to challenge that report in connection to his gang validation by Burke to state a due process claim against her.  *Id*.

Plaintiff merely repeats in the FAC his allegations against Defendant Burke in the original Complaint and only adds argument that his due process rights were violated "because the CCR classifies this report as informative, not disciplinary, [and therefore] Plaintiff was not given a subsequent hearing or afforded any process on the allegations. In essence, Defendant Burke was allowed to file the report and act as (1) the reporting employee, and (2) the critical decisionmaker." Doc. No. 5 ¶ 49.

The Court previously informed Plaintiff that inmates do not have a freestanding constitutional right to be free from false or wrongfully issued reports. Doc. No. 4 at 9. Plaintiff states that he is not challenging his validation as a gang member, only Defendant Burke's report. Doc. No. 5 ¶ 50. Plaintiff has once again failed to plausibly allege Defendant Burke denied him due process simply by filing a gang validation report that allegedly included a false reported that Plaintiff admitted membership in a gang. For the same reasons set forth in the Court's prior screening Order, Plaintiff has not stated a due process claim against Defendant Burke in count one. Accordingly, the Court dismisses the Fourteenth Amendment due process claim against Defendant Burke (count one) for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121. Because it is clear Plaintiff is unable to cure that pleading defect, the dismissal is with prejudice and without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**D.   Count Four Fails Screening**

In count four of the FAC, Plaintiff claims his Fourth Amendment right to be free from unreasonable searches was violated by Defendants Tovar and Narvaez when they conducted a vindictive and harassing strip search. Doc. No. 5 ¶¶ 75–79. Plaintiff repeats his allegations that Defendants ISU Officers Burke and Weiwel searched his cell and his person on August 12, 2020. *Id.* ¶ 7. After they strip searched and photographed him,

they told him no contraband had been found in his cell, and then asked Plaintiff: "Where are the phones and drugs Nogales, you're a porter so we know you know, where are they?" *Id*. ¶¶ 8–9. When Plaintiff denied any such knowledge and asked why they had asked him, they replied that an inmate had "dropped incriminating information on countless inmates, one of which was him." *Id*. ¶ 9.

On August 26, 2020, Plaintiff's cell was searched by Defendants ISU Sergeant Tovar and Lieutenant Narvaez and he was again strip searched. *Id*. ¶ 24. When Plaintiff asked why he was targeted for another search, Tovar responded "you fu***d up and the Lieutenant wants to see you." *Id*. Defendant ISU Lieutenant Duarte ordered Plaintiff outside and while they were alone said "those grievances you submitted are making me do a lot of work. Maybe you didn't mean to say the things you said, and maybe you want to withdraw the paperwork, but just know that because you did that, I'm going to be on you like flies on s**t." *Id*. ¶¶ 25–26.

The Court previously found that although Plaintiff's First Amendment retaliation claim based on the strip search by Defendants Tovar and Narvaez survived screening, Plaintiff had failed to state a Fourth Amendment claim because he alleged the strip searches were based on confidential information received from another inmate that he was involved in possession of contraband within the prison and did not allege the searches were conducted in an excessive or undignified manner. *See* Doc No. 4 at 10 (first citing *Michenfelder v. Sumner*, 860 F.2d 328, 333–34 (9th Cir. 1988) (upholding visual body cavity search for contraband or weapons); and then citing *Nunez v. Duncan*, 591 F.3d 1217, 1227–28 (9th Cir. 2010) (finding prisoner's strip search for contraband did not violate the Fourth Amendment because searching for contraband within a prison is reasonably related to a legitimate penological interest of controlling contraband)).

Plaintiff presents no new allegations in the FAC but merely argues that even assuming the initial August 12, 2020 strip search by Defendant Weiwel and Burke was related to a legitimate penological purpose arising from a confidential informant, the subsequent strip search by Defendants Tovar and Narvaez, which was carried out at the

direction of Defendant Duarte two weeks later, was vindictive, excessive and solely for the purpose of humiliating Plaintiff.  Doc. No. 5 ¶¶ 77–78.  There are once again no *factual* allegations regarding how the search was conducted or why Plaintiff contends it was not related to a legitimate penological interest; Plaintiff merely makes the conclusory allegations that it was vindictive, excessive, and humiliating.  Plaintiff was informed in the prior screening Order that such conclusory allegations are insufficient to state a claim.  Doc. No. 4 at 2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a 42 U.S.C. § 1983 claim].")).  Accordingly, the Court dismisses the Fourth Amendment claim from the FAC (count four) for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121.  Because Plaintiff was provided an opportunity to cure the pleading defects of this claim and it is now clear he is unable to do so, the dismissal is with prejudice and without leave to amend.  *Rosati*, 791 F.3d at 1039.

**E.      Counts Five and Six Fail Screening**

In counts five and six, Plaintiff claims his Fourteenth Amendment right to due process was violated by Defendant Martinez during a disciplinary hearing because Martinez was not impartial and found Plaintiff guilty without sufficient evidence.  Doc. No. 5 ¶¶ 80–90.  Plaintiff alleges in the FAC, as he did in the original Complaint, that on November 3, 2020, Defendant Burke issued a Rules Violation Report ("RVR") charging Plaintiff with "constructive possession of a contraband cellular device."  *Id.* ¶ 31.  On November 9, 2020, Plaintiff attended a hearing on the RVR in the office of Defendant Martinez, although all the other inmates had their RVR hearings conducted by Lieutenant Rodriguez.  *Id.* ¶ 36.  Defendant Martinez found Plaintiff guilty and assessed the maximum penalty, "90 days loss of packages; 90 days loss of yard and dayroom; and a 5 year loss of family visiting."  *Id.* ¶ 37.  Plaintiff claims Defendant Martinez was not fair and impartial and was aware that CDCR regulations limited the loss of family visitation to one year when the five-year loss was imposed.  *Id.* ¶¶ 43–44.

"[A] prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)).  When a protected liberty interest arises, federal due process requires prisoners be provided: (1) 24-hour advanced written notice of the charges; (2) a written statement from the factfinder, which identifies the evidence relied on and the reasons for the action taken; (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) assistance at the hearing if he is illiterate or the matter is complex; and (5) a "sufficiently impartial" factfinder.  *Wolff*, 418 U.S. at 564–71.  When a protected liberty interest is not at stake, the minimum requirements of due process require only that "the findings of the prison disciplinary board (be) supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985).  A protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Court previously found that Plaintiff had not plausibly alleged a protected liberty interest sufficient to give rise to the full *Wolff* procedural protections because he did not allege the duration of his sentence was affected or that he was subjected to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Doc. No. 4 at 8 (first citing *Sandin*, 515 U.S. at 484; and then citing *Cooper v. Garcia*, 55 F.Supp.2d 1090, 1098 (S.D. Cal. 1999) (finding no protected liberty interest in the CDCR family visitation program because it is not an "ordinary incident of prison life.")).  The Court informed Plaintiff that to the extent his sentence was affected by a loss of custody credits, a protected liberty interest could arise from that loss, but his due process claim would be barred unless and until he can demonstrate that the loss of credits has been invalidated or reversed.  *Id*. (first citing *Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994) (holding that where success on a prisoner's § 1983 action would necessarily

impact the validity of a conviction or duration of a sentence the prisoner must first invalidate the underlying conviction or sentence); and then citing *Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (applying *Heck*'s favorable termination requirement to a prisoner's § 1983 action alleging deprivation of good time custody credits)). Plaintiff was informed that because he had failed to plausibly allege that a protected liberty interest arose from the RVR, only the minimum requirements of due process applied, that there be "some evidence" supporting the guilty finding, which was satisfied because Plaintiff admitted there was such evidence in the form of photographs on the cellular device of him posing for pictures on which the finding of constructive possession was based. *Id*. at 8–9 (first citing *Hill*, 472 U.S. at 457 (finding the "some evidence" standard is met with "meager" evidence as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."); then citing *Bruce*, 351 F.3d at 1287–88 (a single piece of evidence with sufficient indicia of reliability satisfies *Hill*'s standard); and then citing *Hill*, 472 U.S. at 455 ("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.")).

Plaintiff alleges in the FAC that he was deprived of 90 days of accrued custody credits as a result of the guilty finding on the RVR. Doc. No. 5 ¶ 82. He does not allege the loss of custody credits has been overturned, but contends he does not need to do so because he is serving a life sentence and restoration of the credits would not affect the length of his sentence. *Id*. at 25 n.5.

Unless a loss of custody credits inevitably affects the duration of a prisoner's sentence it does not give rise to a protected liberty interest sufficient to invoke the *Wolff* procedural protections. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (holding that prisoner sentenced to indeterminate life sentence seeking restoration of lost good time credits did not show the loss of credits necessarily affected the duration of his sentence). In that situation, *Heck* and *Balisok* do not bar a prisoner's claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) (holding that *Heck* is not "implicated by a

prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."); *Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014) (holding that *Heck* and *Balisok* do not bar a § 1983 action to restore good time credits to prisoner serving indefinite life sentence because "[a]ny loss of good-time credits could not extend his potential term, which is life in prison").

Because Plaintiff is serving an indeterminate life sentence, he has not plausibly alleged the loss of custody credits arising from his guilty finding at the disciplinary hearing on the RVR will inevitably affect the duration of his sentence. *Sandin*, 515 U.S. at 484; *Nettles*, 830 F.3d at 927. As that is the only new allegation in the FAC in support of this claim, Plaintiff has once again failed to identify a protected liberty interest sufficient to invoke the *Wolff* procedural protections.

The Court also previously found that Plaintiff had failed to plausibly allege that the minimum requirements of due process had not been met because he admitted such evidence existed in the form of the photographs on the cellular device of him posing for pictures on which the finding of constructive possession was based. Doc. No. 4 at 8–9. Plaintiff contends in the FAC that the "some evidence" standard was not met because the image of him posing for the camera found on the device did not legally constitute constructive possession. Doc. No. 5 ¶¶ 86–90. The Court previously found Plaintiff's contention was insufficient to state a due process claim against Defendant Martinez but was sufficient to survive screening with respect to count seven in which he claims the definition of constructive possession used by the CDCR is unconstitutionally vague. Doc. No. 4 at 11. The failure to present any new allegations in support of counts five and six results in a failure to state a claim for the same reasons set forth in the Court's previous order of dismissal.

Accordingly, the Court dismisses the Fourteenth Amendment due process claims against Defendant Martinez from the FAC (counts five and six) for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *Wilhelm*, 680 F.3d at 1121. Because Plaintiff was provided with an opportunity to cure the pleading defects

with respect to these claims and it is now clear he is unable to do so, the dismissal is with prejudice and without leave to amend. *Rosati*, 791 F.3d at 1039.

## II. CONCLUSION

Based upon the foregoing, the Court **DISMISSES** all claims in Plaintiff's First Amended Complaint against all Defendants with prejudice and without further leave to amend pursuant to 28 U.S.C. § 1915A(b) **with the exception** of the First Amendment retaliation claims against Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte and Martinez (counts two, three, and eight) and the void for vagueness claim against Defendant Allison (count seven), which the Court finds survives the sua sponte screening process of 28 U.S.C. § 1915A(b)(1). Plaintiff is cautioned that the sua sponte screening process is "cumulative of, not a substitute for, any subsequent [motion to dismiss] that the defendant[s] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

The Court **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, Martinez, and Allison as identified in Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon them as required by Fed. R. Civ. P. 4(c).[1] Plaintiff must effect personal service within 90 days of this Order, and file proof of that service pursuant to

---

[1] Because Plaintiff is not proceeding *in forma pauperis*, and now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A, he is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The Court has tolled Rule 4(m)'s service clock while it has conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process.").

Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: July 18, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge