1
2
3
4
5
6
7
8
9       UNITED STATES DISTRICT COURT
10      SOUTHERN DISTRICT OF CALIFORNIA
11

12   JOSE NOGALES,                        Case No.:  22-cv-702-MMA (DEB)
     CDCR #G-52536,
13                                        **ORDER GRANTING MOTION TO**
14                         Plaintiff,     **PROCEED IN FORMA PAUPERIS**
                                          **AND FOR U.S. MARSHAL SERVICE**
15            vs.                         **PURSUANT TO 28 U.S.C. § 1915(d)**
                                          **AND FED. R. CIV. P. 4(c)(3) AND**
16   BURKE, et al.,                       **EXTENDING TIME TO SERVE**
                                          **DEFENDANTS**
17                         Defendants.
18                                        [Doc. No. 8]
19
20
21

22          On May 16, 2022, Plaintiff Jose Nogales, a state prisoner proceeding *pro se*, paid

23   the civil filing fee and filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Doc.

24   Nos. 1, 2.  On May 25, 2022, Plaintiff filed a motion for service of the summons and

25   Complaint.  Doc. No. 3.

26          On June 6, 2022, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A

27   and dismissed all claims against all Defendants except Plaintiff's retaliation claims

28   against Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, and Martinez, and

his void for vagueness claim against Defendant Allison.  Doc. No. 4 at 4–11.  The Court denied Plaintiff's request to issue a summons without prejudice as premature and he was notified he had the option of amending his Complaint to cure the pleading defects of the dismissed claims or proceeding only with those claims which survived screening.  *Id*. at 12.

Plaintiff filed a First Amended Complaint ("FAC") on June 10, 2022.  Doc. No. 5.  On July 18, 2022, the Court screened the FAC pursuant to 28 U.S.C. § 1915A.  Doc. No. 6.  The Court dismissed all claims against all Defendants without further leave to amend except those claims which had survived the original screening, which included his retaliation claims against Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, and Martinez, and his void for vagueness claim against Defendant Allison.  *Id*. at 3–10.  The Court directed the Clerk of Court to issue a summons upon those Defendants and notified Plaintiff that because he was not proceeding *in forma pauperis* ("IFP") he was not automatically entitled to United States Marshal service and was responsible for having the summons and FAC served within 90 days of the date of the July 18, 2022, Order.  *Id*. at 10–11, 10 n.1.

On July 18, 2022, the Clerk issued a summons as to Plaintiff's FAC as required by Fed. R. Civ. P. 4(b).  Doc. No. 7.  No proof of service has yet to be filed.  Rather, on October 7, 2022, Plaintiff filed a Motion to Proceed IFP and for United States Marshal Service.  Doc. No. 8.

## MOTION TO PROCEED IFP

Although Plaintiff paid the initial $402 civil and administrative filing fee, *see* Doc. No. 2, he may still be eligible to proceed IFP.  A request to proceed IFP may be initiated at any stage of a proceeding, since a person who is not an indigent when they first file a suit may become one during or prior to its prosecution.  *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation, . . . ."), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

28 U.S.C. § 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Plaintiff's inmate trust account statement shows he has an available balance of $0.04.  Doc. No. 8-1 at 7.  The Court finds Plaintiff's motion to proceed IFP, when considered in light of Plaintiff's *pro se* and incarcerated status, is sufficient to demonstrate that since the commencement of this action Plaintiff has become financially unable to execute service upon the Defendants on his own behalf and to timely pursue the prosecution of his case.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP.

## MOTION FOR U.S. MARSHAL SERVICE

Because Plaintiff is proceeding IFP he is entitled to have the U.S. Marshal effect service of the summons and FAC with respect to those claims against those Defendants which survived screening, namely, his retaliation claims against Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, and Martinez, and his void for vagueness claim against Defendant Allison.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").  Accordingly, the Court **GRANTS** Plaintiff's Motion for United States Marshal service.

## EXTENSION OF TIME TO SERVE SUMMONS AND FAC

Plaintiff requires an extension of time in which to serve the Defendants because the 90-day period within which service must be executed has nearly expired.  While the Court tolls Rule 4(m)'s time limit for service while it conducts its initial screening, *see Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and

authorizes service of process"), Rule 4(m)'s service clock commences in an IFP case once a summons issues and the U.S. Marshal is directed to effect service pursuant to Fed. R. Civ. P. 4(c)(3).  In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, serves the summons and the complaint.  Fed. R. Civ. P. 4(c)(3) (providing for service by a United States marshal or deputy marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915."); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.")

The Court therefore extends the time for service in this case for thirty (30) days after the date of this Order pursuant to Rule 4(m).  *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service).

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to proceed IFP and for U.S. Marshal Service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

The Court **EXTENDS** the time for service <u>thirty (30) days</u> and **DIRECTS** the Clerk to re-issue a summons upon Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, Martinez, and Allison as identified in Plaintiff's First Amended Complaint (Doc. No. 5) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk will provide Plaintiff with certified copies of this Order, Plaintiff's First Amended Complaint, and the re-issued summons so that he may serve them upon Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, Martinez, and Allison.  Upon receipt of this "IFP Package," ***and in no case later than 15 days after receipt***, Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions provided by the Clerk of Court in the letter accompanying the *In Forma Pauperis* Package.

The Court **ORDERS** the U.S. Marshal to serve a copy of the First Amended

Complaint and summons upon Defendants Lopez, Burke, Weiwel, Tovar, Narvaez, Duarte, Martinez, and Allison as directed by Plaintiff on the USM Form 285 provided to him and file executed waivers or proofs of personal service upon each Defendant with the Clerk of Court *within 30 days of their return*.  Should any Defendant fail to return the U.S. Marshal's request for waiver of personal service within that time, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, complaint, and request for waiver was mailed to that Defendant, and note that service upon that party remains unexecuted.  All costs of U.S. Marshal service will be advanced by the United States; however, if a Defendant located within the United States fails, without good cause, to sign and return the waiver requested by the Marshal on behalf of Plaintiff, the Court will impose upon the Defendant any expenses later incurred in effecting service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

The Court **DIRECTS** the Clerk of Court to email a courtesy copy of this Order upon filing to the Civil Clerk for U.S. Marshal at Margaret.Addison@usdoj.gov.

The Court **ORDERS** Defendants, once served, to respond to Plaintiff's First Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendants are named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendants are required to respond).

The Court **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating

the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated:  October 17, 2022

HON. MICHAEL M. ANELLO
United States District Judge