UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NOGALES, CDCR #G-52536,<br><br>                              Plaintiff,<br><br>v.<br><br>ISU OFFICER BURKE, et al.,<br><br>                              Defendants. | Case No.:  22-cv-702-MMA-DEB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 21]** |

**I.     INTRODUCTION**

Before the Court is Plaintiff Jose Nogales' Motion for Appointment of Counsel ("Motion"). Dkt. No. 21. Plaintiff is a state prisoner proceeding pro se and in forma pauperis on a claim filed pursuant to 42 U.S.C. § 1983. Dkt. Nos. 5, 9. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion without prejudice.

**II.    BACKGROUND**

The Court summarized Plaintiff's claims in the June 6, 2022 Order Screening Complaint. Dkt. No. 4 at 2–5, 10–11.[1]

/ /

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

### III. LEGAL STANDARD

An indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298–309 (1989). Appointing counsel is reserved for exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Courts must consider both factors, and neither is individually dispositive. *Id.*

### IV. DISCUSSION

Plaintiff contends the Court should appoint counsel because "[his] claims are meritorious" but complex because: (1) "the three retaliation claims . . . (counts two, three, and eight) . . . involve some high ranking correctional sergeants and lieutenants who have extensive history of staff misconduct, grievances, and lawsuits"; (2) the "void-for-vagueness claim (count seven) . . . is a novel challenge that requires gathering large amounts of data"; and (3) Plaintiff believes he could assert additional state law based claims but "simply does not have the confidence to raise them himself." Dkt. No. 21 at 4–7.

Although Plaintiff contends "there certainly exists a likelihood of success on the merits," it is premature to evaluate the strength of his claim at this early stage of the proceedings. *See, e.g., Garcia v. Smith*, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff's complaint had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary

judgment). The Court, therefore, has no basis to find a likelihood that Plaintiff will succeed on the merits of his claims.

Moreover, there is no reason to conclude Plaintiff lacks the ability to articulate and prosecute his claims. He has demonstrated the ability to articulate the essential facts supporting his claims, which appear relatively straightforward and uncomplicated. *See* Dkt. No. 4 at 5, 11 (Plaintiff "plausibly alleges that adverse actions of the type that might chill an inmate's free exercise of his First Amendment rights were taken against [him,]" "that ordinary people would not understand that constructive possession of a wireless communication device in prison includes posing for photographs taken by the device, and . . . that [Title 15, California Code of Regulations § 3306] was used against him in an arbitrary and discriminatory manner"). Plaintiff has prepared and filed: (1) a Complaint that survived 28 U.S.C. § 1915A(b) screening (Dkt. Nos. 1, 4); (2) a First Amended Complaint that survived 28 U.S.C. § 1915A(b) screening (Dkt. Nos. 5, 6); (3) a motion to proceed in forma pauperis which the Court granted (Dkt. Nos. 8, 9); and (4) this Motion (Dkt. No. 21). These filings demonstrate that Plaintiff is able to articulate his claims and navigate civil procedure without legal assistance. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding exceptional circumstances were not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented the evidence effectively").

Finally, pro se litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This leniency applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). The Court will take Plaintiff's pro se status into consideration when reviewing his filings.

//

//

## V. CONCLUSION

For these reasons, the Court finds Plaintiff has not demonstrated exceptional circumstances to warrant appointment of counsel. Plaintiff's Motion is, therefore, **DENIED** without prejudice to renewal at a later stage of the proceedings.

**IT IS SO ORDERED**.

Dated: March 2, 2023

_____
Honorable Daniel E. Butcher
United States Magistrate Judge