**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE NOGALES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>BURKE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 22-cv-702-MMA-DEB<br><br>**ORDER PROVIDING PRO SE NOTICE OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO KLINGELE/RAND;**<br><br>**VACATING HEARING AND SETTING BRIEFING SCHEDULE;**<br><br>**ORDERING PLAINTIFF TO UPDATE MAILING ADDRESS** |

　　Plaintiff Jose Nogales, a former state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging First and Fourteenth Amendment claims against correctional staff Burke, Weiwel, Lopez, Narvaez, Tovar, Duarte, and Martinez, and Secretary of the CDCR, Kathleen Allison. *See* Doc. No. 5. Defendants have filed a motion for summary judgment as to Plaintiff's claims. *See* Doc. No. 36. Although Plaintiff is no longer incarcerated, in an abundance of caution, the Court provides Plaintiff with the following notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):

Defendants have filed a Motion for Summary Judgment, Doc. No. 36, seeking a judgment in their favor. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do to oppose a Motion for Summary Judgment.

Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. *See* Fed. R. Civ. P. 56.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your unverified complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.

If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Defendants' motion is currently calendared for hearing on November 27, 2023. The Court **VACATES** the hearing date and **SETS** the following briefing schedule.

**Your Opposition (including any supporting documents) must be filed and served on all parties by November 20, 2023.**

If you do not wish to oppose Defendants' motion, you should file and serve a "Notice of Non-Opposition" by that same date to let the Court know that Defendants' motion is unopposed.

If you do file and serve an Opposition, Defendants will have the option to file and serve a Reply in support of their motion. Defendants' Reply must be filed and served no later than **December 11, 2023.**

The Court will then, in its discretion and unless otherwise ordered, consider

Defendants' Summary Judgment Motion on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Fed. R. Civ. P. 78(b).

Additionally, the Court notes that Plaintiff has not been incarcerated since at least June 2023 and has failed to update his mailing address despite being ordered to do so. *See* Doc. No. 31.  The Court reminds Plaintiff that he is **required** under the Civil Local Rules to update his mailing address of record.  Rule 83.11 provides:

> A party proceeding pro se must keep the Court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.

CivLR 83.11.b.

More than sixty days have elapsed since Plaintiff was ordered to update his mailing address of record, *see* Doc. No. 31, and since mail was returned as undeliverable, *see* Doc. No. 33.  Accordingly, the Court **ORDERS** Plaintiff to update his mailing address on or before **October 30, 2023**.  Should Plaintiff fail to meet this deadline, the Court will dismiss this case without prejudice for failure to prosecute.

The Court **DIRECTS** the Clerk of Court to electronically send a copy of this Order to Plaintiff at nogalesjo30@gmail.com.

**IT IS SO ORDERED**.

Dated:  October 23, 2023

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge